# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 23-1318V

| | |
|---|---|
| PABLO MENDOZA,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: December 8, 2025 |

*Gil L. Daley, II*, Law Office of Gil L. Daley, II, P.C., Fort Worth, TX, for Petitioner.

*James Connor Daughton*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 15, 2023, Pablo Mendoza filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration following an influenza vaccination he received on September 3, 2020. Petition, ECF No. 1. On September 10, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 81.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $58,833.35 (representing $55,851.60 in fees plus $2,981.75 in costs). Application for Attorneys' Fees and Costs ("Motion") filed October 15, 2025, ECF No. 88. Furthermore, Petitioner filed a signed statement indicating that no personal out-of-pocket expenses were incurred. ECF No. 83.

Respondent reacted to the motion on October 21, 2025, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-5, ECF No. 89. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. The hourly rates requested herein are reasonable and consistent with prior determinations and shall therefore be awarded. However, I find a reduction in the amount of fees and costs to be awarded appropriate, for the reasons stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1.

2

Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

I have identified several instances in which tasks considered paralegal in nature were improperly billed at the attorney's rate.[3] Counsel should note for future reference that, "[t]asks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." See *Riggins v. Sec'y of Health & Human. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). *Turpin v. Sec'y of Health & Human. Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008). And "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010).

Although these billing entries reflect reasonably performed work, they must be charged at a reduced rate comparable to that of a paralegal. Accordingly, I hereby apply the reduced rate of $186.00, only for those tasks considered paralegal in nature. **Application of the foregoing reduces the amount of fees to be awarded by $1,855.70.**[4]

## ATTORNEY COSTS

Petitioner requests $2,981.75 in costs. ECF No. 88 at 17-37. Such costs reflect the expenses of obtaining medical records, postage costs, and the Court's filing fee. I find the majority of the requested costs reasonable, except for $298.12 in claimed costs that have

---

[3] The following billing entries reflect tasks considered paralegal in nature: 8/15/23: "Prepare Certificate of Service." 12/8/23 (three entries): "Prepare Notice of Filing Medical Records; Prepare Additional Notice of Filing Medical Records; Prepare Petitioner's Exhibit List." 12/11/23 (two entries): "Prepare Notice of Filing Medical Records; Prepare Petitioner's Exhibit List." Additional entries reflecting the same tasks are dated as follows: 12/13/23 (three entries); 12/19/23 (two entries); 1/17/24 (two entries); 1/23/24 (two entries); 1/30/24 (two entries); 2/12/24 (two entries); 7/1/24 (two entries); 8/5/24 (three entries); 8/15/24 (three entries); 9/19/24 (two entries); 9/20/24 (four entries); 10/28/24 (three entries); 3/14/25 (three entries); 9/2/25; 9/11/25. See ECF No. 88 at 3-16, for a combined total of 7.70 hours of paralegal work billed by attorney Daley.

[4] This calculated as follows: ($427.00 - $186.00 = $241.00 x 7.70 hours) = $1,855.70.

3

not been substantiated with the required supporting documentation, such as an invoice or proof of payment. See ECF No. 88 at 17-37. Before reimbursement of costs will be made, sufficient supporting documentation such as invoices, receipts, and billing statements must be provided. *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program at 74 (emphasis added).[5]

When Petitioners fail to provide appropriate documentation to substantiate a requested cost, Special Masters have refrained from awarding the relevant sum. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005). Accordingly, I disallow reimbursement of unsubstantiated costs claimed herein. **Application of the foregoing reduces the total amount of litigation costs to be awarded by $298.12.**

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $56,679.53 (representing $53,995.90 in fees plus $2,683.63 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[5] The guidelines for Practice Under the National Vaccine Injury Compensation Program can be found at: https://www.uscfc.uscourts.gov/guidelines-practice-under-national-vaccine-injury-compensation-program

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.